# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VENSURE HR, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 20-728 T |
| | ) | Judge Patricia E. Campbell-Smith |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR SANCTIONS REGARDING SUBMISSION OF INADEQUATE ANSWER BY DEFENDANT'S ATTORNEY JENNIFER D. SPRIGGS

Vensure HR, Inc. ("Plaintiff" or "Vensure"), pursuant to RCFC 11, hereby moves this Court impose sanctions upon Defendant's attorney, Jennifer D. Spriggs, for her submission of an inadequate answer in connection with this pending proceeding. In support of this motion, Plaintiff states:

Pursuant to RCFC 11(c)(2), Plaintiff served this motion upon Defendant at least 21 days prior to its being filed, but, by the time of that filing, Defendant has not appropriately corrected its improper actions, and Plaintiff's counsel conferred by telephone or in person with Defendant's counsel, who refused to agree to this motion.

On December 23, 2020, Spriggs filed an Answer to Plaintiff's Complaint. The Answer is inadequate in that Spriggs has denied many of Plaintiff's allegations

for lack of sufficient knowledge or information when those allegations should be admitted based on the information contained in Defendant's administrative file and Spriggs has failed to make the appropriate admissions based on a reasonable inquiry as to both the facts and law prior to filing the Answer. As such, Spriggs has violated RCFC 11. Alternatively, this Court has the inherent authority to sanction Spriggs because her inadequate answer and failure to admit allegations known to be true if she had conducted a reasonable inquiry was made in bad faith.

For the reasons discussed in Plaintiff's memorandum in support of this motion, Plaintiff requests that the Court sanction Spriggs and order the following: (1) to all allegations in which Spriggs refused to answer on the basis that a document speaks for itself, the allegations are deemed admitted; (2) to all allegations in which Spriggs refused to answer on the basis that it is a legal contention requiring no response, the allegations are deemed admitted; (3) to all allegations in which Spriggs denied for lack of knowledge items which should have been admitted based on IRS' administrative file, the allegations are deemed

admitted; and (4) to the subject matter jurisdiction allegations in paragraphs 2 and 3 to which Spriggs provided a qualified admission, the allegations are deemed admitted.

DATED this 17th day of February, 2021.

                                    SILVER LAW PLC

By: _____
JASON M. SILVER
7033 E. Greenway Parkway
Suite 200
Scottsdale, AZ 85254
Phone:  (480) 429-3360
Facsimile:  (480) 429-3362
Counsel for Plaintiff

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VENSURE HR, INC.           ) | |
|                               ) | |
|           Plaintiff,  ) | |
| v.                                        ) | No. 20-728 T |
|                               ) | Judge Patricia E. Campbell-Smith |
| THE UNITED STATES        ) | |
|                               ) | |
|          Defendant.  ) | |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS REGARDING SUBMISSION OF INADEQUATE ANSWER BY DEFENDANT'S ATTORNEY JENNIFER D. SPRIGGS

Plaintiff Vensure HR, Inc. states the following in support of its Motion for Sanctions Regarding Submission of Inadequate Answer by Defendant's Attorney Jennifer D. Spriggs.

## BACKGROUND

This is refund action against the United States and its agency Internal Revenue Service ("IRS").

On June 17, 2020, Plaintiff filed its refund suit, pursuant to Internal Revenue Code section 7422(a), for the refund of failure to make timely deposit penalties and failure to pay penalties related to employment taxes. Under RCFC ("Rules") 12(a)(1), the government's answer was due on August 17, 2020.

On August 7, 2020, ten days before the answer was due, Spriggs emailed Plaintiff's counsel requesting a 95-day enlargement of time to respond to the complaint, stating that IRS and IRS' counsel needed additional time to locate the relevant administrative files, prepare a defense recommendation, and forward those items to her.

Spriggs stated the reason for requesting such a large extension was due to IRS' delays in obtaining the files relevant to the action as well as IRS counsel's assertion that a "freeze" had been placed on all refund litigation requests.

As an alternative to Spriggs' request for a 95-day enlargement, Plaintiff's counsel suggested a 60-day extension, noting that he was unaware of any IRS "freeze," and, in fact, his recent communications with IRS personnel suggested that intra agency document exchanges had started to flow again, following initial COVID delays.

After conferring with IRS' counsel, Spriggs insisted on the 95-day extension. Providing IRS the benefit of the doubt regarding its claimed inability to retrieve the relevant administrative files, Plaintiff's counsel agreed to the <u>three month and five day extension</u>, but advised Spriggs that what she had requested was unreasonable and excessive.

On August 13, 2020, Spriggs filed an unopposed motion for enlargement of time, which the Court granted, giving Spriggs until November 20, 2020 to respond to Plaintiff's complaint.

On November 19, 2020, the Court granted Spriggs' second motion for enlargement of time, giving her until December 18, 2020 to respond to Plaintiff's complaint.

On December 17, 2020, the Court granted Spriggs' third motion for enlargement of time, giving her until December 23, 2020 to respond to Plaintiff's complaint.

On December 23, 2020, Spriggs filed defendant's answer, over 4 months from the time the answer should have been due in this case, and over 6 months since Plaintiff filed its complaint.

Despite having 6 months to file her answer, Spriggs' answer is factually inadequate and legally deficient under the Rules.  It is unacceptable in that it fails to admit jurisdictional matters, refuses to answer many of Plaintiff's allegations, and denies allegations already acknowledged by IRS as true in the administrative file underlying this matter.  Notably, the answer repeatedly violates Rule 8(b) and indicates that Spriggs failed to make the reasonable inquiry required by Rule 11(b).  As such, sanctions are warranted under either Rule 11 or the Court's inherent authority.  Specifically, Plaintiff asks the Court to order that the allegations

corresponding to Spriggs' deficient responses are deemed admitted and to make an explicit finding that Spriggs knowingly and in bad faith filed an answer to cause unnecessary delay in these proceedings and to needlessly increase the cost of litigation.

## THE ANSWER REFUSES TO ADMIT OR DENY ALLEGATIONS IN THE COMPLAINT ON THE BASIS THAT THEY ARE CONTENTIONS OF LAW TO WHICH NO RESPONSE IS REQUIRED VIOLATES THIS COURT'S RULES, SPECIFICALLY RULE 8(b)

Paragraphs 2 through 6, 10 through 13, 15, 18, 22, 25, 28 through 30, 34, and 43 (18 paragraphs) all refuse to answer various allegations in the complaint on the basis that the "allegations are contentions of law to which no response is required."

Rule 8(b)'s text specifically requires a defendant to plead one of three alternatives in response to allegations in a complaint: (1) an admission; (2) a denial; or (3) an averment that the party lacks knowledge or information sufficient to form a belief as to the truth of the allegation.  RCFC 8(b); see also Fed. R. Civ. P. 8(b) (incorporated into the RCFC); see also N. Ind. Metals v. Iowa Express, Inc., No. 2:07-cv-00414-PRC, 2008 WL 2756330, at *4 (N.D. Ind. July 10, 2018). Responding to an allegation by stating it is a "legal conclusion" or a "contention of law" violates Rule 8(b) which requires a party to admit or deny the allegations asserted against it by an opposing party.  Nothing in the rules grants a litigant the privilege of refusing to answer.  Responding to an allegation by stating it is a

"legal conclusion" "flies in the face of the established doctrine that legal conclusions are a proper part of a federal pleading, to which Rule 8(b) also compels a response." Am. Family Mut. Ins. Co. v. Beasley, No. 2:10-cv-2090-GMN-RJJ, 2012 WL 395707, at *3 (D. Nev. Feb. 6, 2012).

Despite obtaining three separate extensions of time to answer, and having over 4 months to answer Plaintiff's complaint, Spriggs has yet to tender sufficient responses to a large portion of the complaint on the basis that the allegations are "legal contentions." Refusing to answer an allegation is in direct violation of Rule 8(b).

## THE ANSWER REFUSES TO ADMIT OR DENY ALLEGATIONS IN THE COMPLAINT ON THE BASIS THAT A DOCUMENT SPEAKS FOR ITSELF AND VIOLATES THIS COURT'S RULES, SPECIFICALLY RULE 8(b)

Paragraphs 18, 21, 22, 26, 29, 30, and 35 (7 paragraphs) all refuse to answer various allegations in the complaint on the basis that "the document speaks for itself and should be referred to for a complete statement of its terms or a complete statement of its conclusions."

As set forth above, Rule 8(b) requires a defendant to either admit, deny, or aver lack of knowledge. Responding to an allegation by stating that a document speaks for itself violates RCFC 8(b) which requires an admission or a denial. The rules do not grant either party the privilege of refusing to answer.

Spriggs has yet to provide sufficient responses to allegations on the basis that a "document speaks for itself," and this is in violation of Rule 8(b).

## THE ANSWER DENIES ALLEGATIONS IN THE COMPLAINT WHICH SHOULD HAVE BEEN ADMITTED, IN VIOLATION OF RULE 11(b)'s REASONABLE INQUIRY STANDARD

Rule 11(b) imposes the duty to make a reasonable inquiry as to both the facts and the law prior to the filing of any pleading. The signature of counsel constitutes a certification that counsel has read the pleadings and, that after reasonable inquiry, has determined that it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Rule 11(b) stresses the necessity of some prefiling inquiry into both the facts and law to satisfy its affirmative duty.

In practice, Rule 11(b) requires a defendant's counsel to ascertain what facts alleged in the complaint are known to be true. In a refund case, a thorough review of IRS' administrative file is necessary. Here, Spriggs needed at least three extensions of time and over six months, to receive and review IRS' administrative file. Still, her answer is deficient in that it fails to admit facts alleged in the complaint that come directly from the government's own documents.

In the answer, Spriggs refers to a "Revenue Agent's" "examination report."[1] This examination report is contained in the administrative file Spriggs received from IRS and was relied on by Spriggs in answering the complaint.

Indeed, IRS has issued one examination report, dated February 10, 2016, during the course of administering Plaintiff's refund claims. However, Spriggs has denied factual allegations of the complaint which should have been admitted based on information contained in the examination report.

Specifically, Spriggs' answer denied factual allegations which should have been admitted based on Rule 11(b)'s reasonable inquiry standard as follows:

Paragraph 8 of Plaintiff's complaint alleges: "Prior to the claims for refund related to the periods set forth above, [Plaintiff] had refund claims pending related to Form 941 for the second quarter of tax year 2014."

Spriggs' answer denies on the basis that "defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations." IRS' examination report specifically states: "Vensure filed the 201606 form 941-X claim with the Service on October 14, 2014. . . . On June 2, 2015, Vensure filed a second form 941-X claim for period 201406 in the amount of $1,034,438.13. . . .The two claims total $3,753,798.68." Because IRS'

---
[1] See Answer ¶21, ¶29, ¶30, ¶35.

examination report verifies Plaintiff's allegation in Paragraph 8, Spriggs' denial was not warranted on the evidence.

Paragraph 9 sentence 1 of Plaintiff's complaint alleges: "for the prior refund claims, (1) on October 14, 2014, Vensure filed its first refund claim with the IRS using Form 941X, Adjusted Employer's Quarterly Federal Tax Return, for the second quarter of 2014—on this Form 941X, Vensure claimed a refund of $2,719,361 for an overpayment of employment taxes made to the IRS for the second quarter of tax year 2014 ("Refund Claim No. 1")."

With regard to this allegation, Spriggs' answer admits only that on October 14, 2014, Vensure filed a Form 941X for the second quarter of 2014, and denies the remainder. IRS' examination report provides a computation showing that Vensure's October 14, 2014 Form 941X claimed a refund of $2,719,361. Because IRS' examination report verifies Plaintiff's allegation that the October 14, 2014 refund claim was $2,719,361, Spriggs denial was not warranted on the evidence.

Paragraph 14 of Plaintiff's complaint alleges: "During the years prior to and leading up to early 2013, Vensure had a contract with Stay Safe Staffing ("SSS") to provide payroll related services for SSS."

Spriggs' answer denies on the basis that "defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations." IRS' examination report specifically states: "On August 10, 2012,

Vensure and Stay Safe Staffing entered into a customer service agreement, under which Vensure agreed to provide administrative services including: issuing payroll checks, withholding and paying payroll taxes, processing garnishments and unemployment claims, information return reporting, and obtaining and administering Stay Safe's Staffing's workers' compensation coverage." Because IRS' examination report verifies Plaintiff's Paragraph 14 payroll contract allegation, Spriggs' denial was not warranted on the evidence.

Paragraph 14 of Plaintiff's complaint alleges: "SSS' ownership structure changed in early 2013."

Spriggs' answer denies on the basis that "defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations." IRS' examination report states: "In early March 2013, Stay Safe Staffing, Inc. changed ownership, and became Stay Safe Staffing, Inc. dba Horizon Personnel Services, owned by Carlos Lopez." Because IRS' examination report verifies Plaintiff's Paragraph 14 ownership structure allegation, Spriggs' denial was not warranted on the evidence.

Paragraph 15 of Plaintiff's complaint alleges: "On March 7, 2013, Vensure entered into a new Client Service Agreement-Administrative Service's Only ("CSA") contract with the reorganized SSS."

Spriggs' answer denies on the basis that "defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations." IRS' examination report states: "On March 7, 2013, after the sale of Stay Safe Staffing, Inc. to Carlos Lopez, Vensure and Stay Safe Staffing entered into a customer service agreement whose terms were the same as for the customer service agreement between the parties prior to the change in ownership." Because IRS' examination report verifies Plaintiff's Paragraph 15 allegation, Spriggs' denial was not warranted on the evidence.

## THE ANSWER REFUSES TO ADMIT OR DENY PLAINTIFF'S SUBJECT MATTER JURISDICTION ALLEGATIONS AND VIOLATES THIS COURT'S RULES, SPECIFICALLY RULE 8(b)

Finally, the answer is inadequate in that it fails to admit that the Court has subject matter jurisdiction, an essential element of this case.

Paragraphs 2 and 3 of Plaintiff's complaint allege that this Court has subject matter jurisdiction.

However, paragraphs 2 and 3 of the answer provide the following qualified admission: "**if** this Court has jurisdiction it is founded upon 28 U.S.C. Section 1491(a)(1)." RCFC 8(b) requires a party to admit, deny, or aver that the party lacks sufficient knowledge or information. Nothing in the rules grants a litigant the privilege of qualifying an admission. Whether the court has subject matter jurisdiction is an essential element of the litigation and after four months of

extensions, Spriggs should be able to admit or deny without qualifying her response.

## THE COURT HAS AUTHORITY TO IMPOSE SANCTIONS UNDER RULE 11 OR THE COURT'S INHERENT POWER

Rule 11 states, in relevant part:

**(b) Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

**(c) Sanctions.**
  (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that RCFC 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Rule 11(c)(3) also gives the Court inherent authority to sanction.

Rule 11 "is aimed at baseless filings, which abuse the judicial system and burden courts and parties with needless expense and delay." Judin v. United States, 110 F.3d 780, 784 (Fed. Cir. 1997) (citing Cooter & Gell v. Hartmarx

Corp., 496 U.S. 384, 397-98 (1990)). Thus, attorneys must engage in a factual and legal inquiry, reasonable under the circumstances, prior to presenting filings to the court. Rule 11 "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith." Chambers v. NASCO, Inc., 501 U.S. 32, 47 (1991). Just as Rule 11(b) requires plaintiffs to conduct a reasonable pre-suit analysis, defendants are required to make an objectively reasonable inquiry into the facts alleged in a complaint and make appropriate admissions when true. "Candor to the court in pleadings and declarations is vital to judicial economy and accuracy, as well as assuring fairness to the parties." Miller-Holzwarth, Inc. v. United States, 232 F.3d 905 (Table), 2000 WL 291728 (Fed. Cir. Feb. 29, 2000).

Spriggs' refusal to answer numerous allegations in the complaint violates Rule 8(b) and as such, the answer was presented for an improper purpose, abuses the judicial system by causing unnecessary delay and expense, and needlessly complicates the substantive litigation. The repeated refusals to answer allegations in the complaint violate Rule 8(b) and is sanctionable conduct under Rule 11(b).

Further, Spriggs' denials which were not warranted on the evidence are also sanctionable conduct under Rule 11(b).

Finally, Spriggs' qualified admission as to the subject matter jurisdiction allegations in the complaint violates Rule 8(b), and as such, the answer was

presented for an improper purpose, needlessly complicates the litigation, and is sanctionable conduct under Rule 11(b).

While Plaintiff's counsel is mindful of the seriousness of its request for sanctions and its intent to use the Court's limited resources to review and make a decision on sanctions rather than on the substantive merits of the case, the answer is so deficient it fails to refine any of the factual and legal allegations. Its defects cause unnecessary complexity in the litigation, needless delay in a case that has already been delayed by the government, and will only lead to more use of the court's valuable resources. Spriggs' refusal to answer even the most basic subject matter jurisdiction allegations indicates that the government has no intent to commit to a legal position and is more than willing to "kick the can" instead of efficiently litigating this case.

Based on the failure to admit or deny allegations in the complaint, the failure to admit allegations known to be true from information contained in IRS' administrative file, and failure to admit the Court has subject matter jurisdiction in a case that has been docketed for over six months, it is only reasonable to infer that the answer was filed to cause further delays in these proceedings and to needlessly increase the cost of litigation. For these reasons, Plaintiff requests that the Court sanction Spriggs and order the following: (1) to all allegations in which Spriggs refused to answer on the basis that a document speaks for itself, the allegations are

deemed admitted; (2) to all allegations in which Spriggs refused to answer on the basis that it is a legal contention requiring no response, the allegations are deemed admitted; (3) to all allegations in which Spriggs denied for lack of knowledge items which should have been admitted based on IRS' administrative file, the allegations are deemed admitted; and (4) to the subject matter jurisdiction allegations in paragraphs 2 and 3 to which Spriggs provided a qualified admission, the allegations are deemed admitted.

DATED this 17th day of February, 2021.

SILVER LAW PLC

By:_____
JASON M. SILVER
7033 E. Greenway Parkway
Suite 200
Scottsdale, AZ 85254
Phone: (480) 429-3360
Facsimile: (480) 429-3362
Counsel for Plaintiff

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VENSURE HR, INC. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE UNITED STATES )<br>)<br>Defendant. ) | No. 20-728 T<br>Judge Patricia E. Campbell-Smith |

**PLAINTIFF'S NOTICE OF FILING OF (1) PLAINTIFF'S MOTION FOR SANCTIONS REGARDING SUBMISSION OF INADEQUATE ANSWER BY DEFENDANT'S ATTORNEY JENNIFER D. SPRIGGS; AND (2) SUPPORTING MEMORANDUM**

To:   Ms. Jennifer D. Spriggs
       U.S. Department of Justice
       Tax Division
       Court of Federal Claims Section
       Ben Franklin Station
       Washington, D.C. 20044
       Jennifer.D.Spriggs@USDOJ.Gov

PLEASE TAKE NOTICE that on the 17 day of February, 2021, Vensure HR, Inc. filed its Motion for Sanctions Regarding Submission of Inadequate Answer by Defendant's Attorney Jennifer D. Spriggs, and the memorandum in support thereof, copies of which are attached hereto and, pursuant to RCFC

11(c)(2), were served upon you January 8, 2021, which was more than 21 days prior to this date.

DATED this 17th day of February, 2021

                                                  Respectfully submitted,

                                                  SILVER LAW PLC

                                                  By:_____
                                                  JASON M. SILVER
                                                  7033 E. Greenway Parkway
                                                  Suite 200
                                                  Scottsdale, AZ 85254
                                                  Phone: (480) 429-3360
                                                  Facsimile: (480) 429-3362
                                                  Counsel for Plaintiff