## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VENSURE HR, INC.         )<br>                          )<br>          Plaintiff,   )<br>v.                        )     No. 20-728 T<br>                          )     Judge Patricia E. Campbell-Smith<br>THE UNITED STATES        )<br>                          )<br>          Defendant.  ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REQUESTS FOR ADMISSION

Vensure HR, Inc. ("Plaintiff" or "Vensure"), opposes the defendant's ("government") motion for leave to serve requests for admission.

Defendant's motion seeks to further delay this case; a case that was filed nine months ago. Plaintiff has cooperated time and time again with the government's requests for extensions and informal requests for documents and information and it still took defendant six months to answer the complaint. Even after six months, defendant's Answer is inadequate, legally deficient, and in violation of the Court's rules in that it repeatedly fails to admit or deny numerous allegations in the complaint. Now – after nine months – the government still refuses to admit or deny these allegations and seeks to further delay by requesting discovery related to jurisdiction issues. Troubling is that defendant is using its

1

inadequate and legally deficient Answer as a basis to "hide the ball" and appears to be attempting trial by ambush.

Since this action commenced, there has been extensive communications between the parties, and plaintiff has promptly responded to every informal government request for additional documents and information. Now, on the eve of the Court's order directing defendant to file a motion to dismiss, the government seeks unnecessary discovery to presumably further delay its filing. Defendant already has everything needed to confirm jurisdiction and has made no attempt to resolve any jurisdictional questions informally. In fact, plaintiff has offered to informally provide defendant with anything needed to move this issue towards a resolution and the government has refused.

Simply put, the Court has jurisdiction over plaintiff's refund claims. Specifically, (1) on March 11, 2016, plaintiff filed its claims for refund of penalties; (2) IRS summarily denied the claims on June 19, 2018 (attached to this opposition herein as <u>Exhibit A</u>); and (3) plaintiff filed its refund suit on June 16, 2020, within two years of the claim denials. The government is attempting to perform unnecessary discovery on jurisdictional issues to further delay these proceedings. No amount of discovery is going to change the fact that the Court has subject matter jurisdiction based on plaintiff's timely filed refund Complaint within two years of the government's claim denials. In fact, instead of following the

Court's order to file its motion to dismiss, on the eve of its April 2, 2021 deadline, the government now seeks information it already has in its possession. Moreover, the government still refuses to admit or deny allegations in the complaint and refuses to litigate the merits.

The Court has subject matter jurisdiction. The government's Answer is inadequate and in violation of the Court's rules. The government does not need discovery to argue issues related to jurisdiction.

WHEREFORE, plaintiff asks the Court to deny the government's motion for leave.

DATED this 15th of March, 2021.

SILVER LAW PLC

By: _____
JASON SILVER
7033 E. Greenway Parkway
Suite 200
Scottsdale, AZ 85254
Phone: (480) 429-3360
Facsimile: (480) 429-3362
Counsel for Plaintiff

# Exhibit A



**Department of the Treasury**
**Internal Revenue Service**
**Appeals Office**
Appeals:MS 8000
4041 N. Central Ave, Suite 112
Phoenix, AZ 85012

Date: JUN 19 2018

Person to contact:
Name: Deborah M McFaul
Employee ID Number: 0359683
Phone: 602-636-9569
Fax: 855-243-8126

Re:
Employment Tax Penalties
Tax periods ended:
12/2014
Form number:
843
Amount of claim:
$0.00
Date claim received:
March 11, 2106
Taxpayer ID number:
20-0455784

VENSURE HR INC
% DEBORAH EPSTEIN
2600 W GERONIMO PL STE 100
CHANDLER, AZ 85224-4996

**Certified Mail**   7012 1640 0001 6486 2370

Dear Sir:

We considered your protest and the evidence and arguments submitted in support of the above claim for refund of penalty. We can't allow the above claim for an adjustment to your penalty for the following reasons:

You do not meet any reasonable cause exception. In addition, your Form 843 did not specify a dollar amount but stated "100% of assessed penalties."

We based our decision on the provisions of the IRS laws and regulations. This letter is your legal notice that we fully disallowed your claim.

If you want to bring suit or proceedings for the recovery of any tax, penalties or other moneys shown on this disallowance notice, you can file suit with the United States District Court having jurisdiction or with the United States Court of Federal Claims. Generally, the law requires you to file suit within two years from the mailing date of this letter. However, if you signed Form 2297, Waiver of Statutory Notification of Claim Disallowance, the two-year period in which to bring suit began on the date you filed the waiver.

For additional overpayment interest, you must file suit within six years from the date of the original scheduled overpayment, in accordance with Title 28 of the United States Code Sections 2401, Time for Commencing Action Against the United States, and 2501, Time for Filing Suit. Your six-year period hasn't been shortened or extended by the filing of your claim.

At the conclusion of the Appeals process, an authorized vendor may contact you to perform an Appeals customer satisfaction survey. Your participation is voluntary and the survey will not ask for personal or financial information of any kind. We'll use the results of the survey to improve the Appeals process and our service to taxpayers. See the Customer Satisfaction Survey page at www.irs.gov/uac/customer-satisfaction-surveys to learn more about IRS-sponsored surveys and for a list of current and recent vendors.

Letter 1364 (Rev. 2-2018)
Catalog Number 40675R

If you have questions, contact the person at the top of this letter.

Sincerely,

Mary L Hosler
Appeals Team Manager

cc: Chris Sheldon

Letter 1364 (Rev. 2-2018)
Catalog Number 40675R


**Department of the Treasury
Internal Revenue Service
Appeals Office**
Appeals:MS 8000
4041 N. Central Ave, Suite 112
Phoenix, AZ 85012

Date: JUN 1 9 2018

Person to contact:
Name: Deborah M McFaul
Employee ID Number: 0359683
Phone: 602-636-9569
Fax: 855-243-8126

Re:
Employment Tax Penalties
Tax periods ended:
09/2014 12/2014 03/2015 06/2015
09/2015
Form number:
843
Amount of claim:
$0
Date claim received:
March 11, 2016
Taxpayer ID number:
20-0455784

VENSURE HR INC
% DEBORAH EPSTEIN
2600 W GERONIMO PL STE 100
CHANDLER, AZ 85224-4996

**Certified Mail**   7012 1640 0001 6486 2363

Dear Sir:

We considered your protest and the evidence and arguments submitted in support of the above claim for refund of penalty. We can't allow the above claim for an adjustment to your penalty for the following reasons:

You do not meet the reasonable cause exception. In addition, your Form 843 did not specify a dollar amount but stated "100% of assessed penalties."

We based our decision on the provisions of the IRS laws and regulations. This letter is your legal notice that we fully disallowed your claim.

If you want to bring suit or proceedings for the recovery of any tax, penalties or other moneys shown on this disallowance notice, you can file suit with the United States District Court having jurisdiction or with the United States Court of Federal Claims. Generally, the law requires you to file suit within two years from the mailing date of this letter. However, if you signed Form 2297, Waiver of Statutory Notification of Claim Disallowance, the two-year period in which to bring suit began on the date you filed the waiver.

For additional overpayment interest, you must file suit within six years from the date of the original scheduled overpayment, in accordance with Title 28 of the United States Code Sections 2401, Time for Commencing Action Against the United States, and 2501, Time for Filing Suit. Your six-year period hasn't been shortened or extended by the filing of your claim.

At the conclusion of the Appeals process, an authorized vendor may contact you to perform an Appeals customer satisfaction survey. Your participation is voluntary and the survey will not ask for personal or financial information of any kind. We'll use the results of the survey to improve the Appeals process and our service to taxpayers. See the Customer Satisfaction Survey page at www.irs.gov/uac/customer-satisfaction-surveys to learn more about IRS-sponsored surveys and for a list of current and recent vendors.

Letter 1364 (Rev. 2-2018)
Catalog Number 40675R

If you have questions, contact the person at the top of this letter.

Sincerely,

Mary L Hosler
Appeals Team Manager

Enclosures:

cc: Chris Sheldon

**Letter 1364 (Rev. 2-2018)**
Catalog Number 40675R