## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VENSURE HR, INC.                )<br>                                              )<br>             Plaintiff,            )<br>v.                                          )<br>                                              )<br>THE UNITED STATES        )<br>                                              )<br>             Defendant.         ) | No. 20-728 T<br>Judge Patricia E. Campbell-Smith |

### PLAINTIFF'S OBJECTION TO UNITED STATES' MOTION FOR ENLARGEMENT OF TIME

Plaintiff objects to Defendant's Motion for Enlargement of Time (Doc. 22) seeking additional time to file a response to Plaintiff's Motion for Sanctions (Doc. 14). Plaintiff seeks additional time to purportedly allow IRS to review its own draft declaration. Defendant's request for enlargement of time is unreasonably unnecessary and should be denied.

Plaintiff first contacted Defendant regarding the Motion for Sanctions (Doc. 14) on January 6, 2021, raising Plaintiff's concerns about the deficiencies in the Answer and seeking to resolve the matter informally. Specifically, we communicated to Defendant, *inter alia*, that "the government has had over 6 months to prepare the answer to the complaint (and we have not objected to every request for extension); we believe that the government's refusal to admit facts that

come directly from the government's documents and to admit jurisdictional matters is not acceptable and unnecessarily complicates this litigation." Plaintiff subsequently served a copy of the Motion for Sanctions (Doc. 14) to Defendant on January 8, 2021. Defendant requested Plaintiff to delay filing of the Motion for Sanctions (Doc. 14) to permit additional time to informally review and coordinate with the IRS and management; a request that Plaintiff agreed to accommodate. Ultimately, a month after service of the Motion for Sanctions (Doc. 14), on February 8, 2021, Defendant provided to Plaintiff an informal detailed response (which response was coordinated with the IRS and management), basically objecting to every point raised in the Motion for Sanctions (Doc. 14). Unable to obtain any informal resolution on the matter, Plaintiff filed the Motion for Sanctions (Doc. 14) with the Court on February 17, 2021. Plaintiff's response to the Motion for Sanctions is due March 26, 2021.

In short, Defendant has been coordinating with the IRS since at least January 8, 2021 (i.e., for 75 days) with respect to the response to the Motion for Sanctions (Doc. 14); indeed, an informal copy of Defendant's coordinated response was completed and provided to Plaintiff on February 8, 2021. This coordination with IRS was completed 9-days before the Motion for Sanctions (Doc. 14) was filed with this Court, and now a full 45 days as of today. Defendant's Motion for Enlargement of Time(Doc. 22), made on the eve of the due

date for its response, is disingenuous and simply unnecessary. Defendant has been coordinating this issue with IRS for 75 days, now needing an enlargement of time to allow review of a draft declaration. This is unnecessary delay.

For the foregoing reasons, the Court should deny Defendant's Motion for Enlargement of Time (Doc. 22)

DATED this 25th of March, 2021.

SILVER LAW PLC

By: _____
JASON M. SILVER
7033 E. Greenway Parkway
Suite 200
Scottsdale, AZ 85254
Phone: (480) 429-3360
Facsimile: (480) 429-3362
Counsel for Plaintiff