# In the United States Court of Federal Claims

No. 20-728T

(E-Filed: March 11, 2022)

|  |  |
|---|---|
| VENSURE HR, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## ORDER

    On September 30, 2021, defendant filed a motion to dismiss this case for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).  See ECF No. 38.  Plaintiff filed its response on November 26, 2021, see ECF No. 42 (corrected response), and defendant filed its reply on February 11, 2022, see ECF No. 50.  After reviewing defendant's reply, plaintiff filed a motion for leave to file a sur-reply on the basis that defendant's reply included "new legal arguments" to which plaintiff needed to respond.  ECF No. 51 at 1.  In the alternative, plaintiff moved the court to "convert [d]efendant's [r]eply to a [m]otion to [d]ismiss for [f]ailure to [s]tate a [c]laim pursuant to RCFC 12(b)(6) and allow [p]laintiff to file an [o]bjection or [r]esponse thereto."  Id.

    According to plaintiff, "[n]ot only have the grounds for dismissal of the [c]omplaint changed from dismissal based on lack of subject matter jurisdiction to failure to state a claim, but some arguments and factual asserts set forth in [d]efendant's [r]eply did not appear in [d]efendant's original [m]otion to [d]ismiss," and as a result, plaintiff "has not had an opportunity to fairly respond."  Id. at 1-2.  In response, defendant acknowledges that allowing a sur-reply is appropriate, "provided [defendant] is allowed to file a sur-sur reply."  ECF No. 52 at 1.  Defendant also states that if its motion to

dismiss "is converted to a motion to dismiss under RCFC 12(b)(6), defendant does not object to plaintiff's request to file an objection to response provided [defendant] is permitted to file a reply." Id. at 1-2. Plaintiff did not file a reply in support of its motion, which was due to have been filed on March 4, 2022.

It appears to the court that the basis for defendant's motion to dismiss has evolved during the course of briefing. To ensure that the motion is properly presented to the court, and that the parties have the opportunity to make and respond to all arguments, the court will deny both defendant's pending motion to dismiss and plaintiff's pending motion for leave to file a sur-reply, and direct the parties to file a joint status report setting forth a schedule for filing and briefing the motion on which they would like the court to rule. If defendant no longer wishes to proceed on a motion to dismiss, the parties shall set forth a schedule for otherwise proceeding in this case.

Accordingly, for the foregoing reasons:

(1)   Defendant's motion to dismiss, ECF No. 38, is **DENIED**;

(2)   Plaintiff's motion for leave to file a sur-reply, ECF No. 51, is **DENIED**; and

(3)   On or before **March 25, 2022**, the parties are directed to **CONFER** and **FILE** a **joint status report** stating whether defendant intends to re-file its motion to dismiss, and setting forth a schedule for proceeding in this case.

IT IS SO ORDERED.

                                                s/Patricia E. Campbell-Smith
                                                PATRICIA E. CAMPBELL-SMITH
                                                Judge